UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOWARD L. DEAN                                                          CIVIL ACTION

VERSUS
                                                                        NO. 19-137-BAJ-RLB
SHELL PIPELINE COMPANY, LP

**ORDER**

Before the Court is Plaintiff's Third Motion to Compel. (R. Doc. 60). The motion is opposed. (R. Doc. 62).

**I.     Background**

On March 6, 2019, Howard L. Dean ("Plaintiff") commenced this action to obtain relief under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.* (R. Doc. 1). Plaintiff has filed a First Amended and Supplemental Complaint. (R. Doc. 3).

Plaintiff alleges that he was employed by the defendant Shell Pipeline Company LP ("Defendant" or "Shell") as a Mechanical Technician for nearly 16 years until his termination at the age of 64. (R. Doc. 3 at 4). Plaintiff alleges that in June of 2016, Defendant offered Plaintiff an early retirement/severance package while he was being investigated for business practices involving high costs and preferential choice of a vender (Gulf Crane Services). (R. Doc. 3 at 4). Plaintiff alleges that on August 16, 2016 he participated in a meeting with his immediate supervisor (Tim Carter), Mr. Carter's supervisor (Wiley Stice), and a human resources representative, in which the retirement/severance package was again offered and his age was provided as a reason it was offered. (R. Doc. 3 at 5-6). Plaintiff did not accept the package.

On January 4, 2017, Plaintiff received a letter providing that he was terminated (effective January 7, 2017) for violating Shell's Code of Conduct and General Business Principles. (R.

Doc. 3 at 6-7). Plaintiff alleges that he was terminated from his employment based on his age in violation of the ADEA. (R. Doc. 3 at 8-9).

On May 29, 2020, the undersigned ruled on a previous motion to compel filed by Plaintiff and a motion for protective order and motion to quash Rule 30(b)(6) deposition filed by Defendant. *See Dean v. Shell Pipeline Company LP*, No. 19-137, 2020 WL 2813521 (M.D. La. May 29, 2020) (R. Doc. 53). Plaintiff has sought review of the discovery order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. (R. Doc. 54).

Plaintiff's Third Motion to Compel seeks an order requiring Defendant (1) to answer certain questions during the Rule 30(b)(6) deposition of Shell which corporate representative Kelly Rogers refused to answer, (2) to answer Interrogatory No. 18 of Plaintiff's Second Set of Interrogatories and Request for Production of Documents No. 32 of Plaintiff's Third Requests for Production of Documents, and (3) to pay reasonable attorneys' fees incurred with respect to the instant motion.

## II.   Law and Analysis

### A.   Legal Standards for Discovery

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation

between the parties. Fed. R. Civ. P. 29(b).  If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37.  An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Rule 30(b)(6) governs deposition notices directed to organizations.  In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id*. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).  The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous. *See*, *e.g.*, *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous); *Padana Assicurazioni–Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) (denying motion to compel Rule 30(b)(6) deposition where the notice was insufficiently particularized).

"A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Rule 30(d)(3) applies to motions to terminate or limit depositions that are taking place. *See* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."). A party may move to compel an answer if "a deponent fails to answer a question asked under Rule 30." Fed. R. Civ. P. 37(a)(3)(B)(i).

**B.     Refusal to Answer Questions at Rule 30(b)(6) Deposition**

Plaintiff claims that defense counsel violated Rule 30(c)(2) by directing Defendant's Rule 30(b)(6) corporate representative not to answer four questions posed to her despite not making an assertion of privilege or a motion under Rule 30(d)(3) to terminate the deposition. (R. Doc. 60 at 1).

Plaintiff took Defendant's Rule 30(b)(6) deposition on June 29, 2020. (R. Doc. 65) (filed under seal).   Plaintiff's counsel asked Kelly Rogers, the corporate representative, whether Defendant has "ever been accused of creating a severance program that went after senior employees," and Ms. Rogers responded that she was not aware of any. (R. Doc. 65 at 5). Plaintiff's counsel then asked two questions that defense counsel directed Ms. Rogers not to answer: (1) "Are you aware of any complaints by any current or former Shell employees that accused Shell of creating a severance program that was going after older Shell workers?"[1] and (2) "[A]re you aware of any internal Shell Pipeline complaints submitted by current or former

---

[1] At the deposition, Plaintiff's counsel rephrased this question as follows: "Is Shell aware of any complaints filed by any current or former Shell employees that accused Shell of creating a severance program which went after older workers?" (R. Doc. 65 at 6).  Defense counsel instructed Ms. Rogers not to answer this question. (R. Doc. 65 at 6).

Shell employees accusing Shell of creating a severance program targeting older workers?" (R. Doc. 65 at 5-15). Defense counsel objected to these questions, and directed Ms. Rogers not to answer, on the basis that they fell outside of the scope of the limited deposition topics allowed by the Court's May 29, 2020 order. (R. Doc. 65 at 5-15).

Plaintiff represents that his counsel narrowed the scope of the foregoing questions to "Shell employees within Tim Carter and/or Wylie Stice's work group" and defense counsel again instructed Ms. Rogers not to answer the questions. In support of this representation, Plaintiff cites the topics in the deposition notice (R. Doc. 60-5), but does not cite a specification portion of the Rule 30(b)(6) deposition. It is therefore unclear whether this second set of more limited questions were actually posed by Plaintiff's counsel at the deposition. They are not included in the deposition transcript excerpts submitted by Defendant. (*See* R. Doc. 65 at 1-18).

Plaintiff argues that the foregoing questions fall within the scope of Topics (e) and (f) of the Rule 30(b)(6) deposition notice as limited by the Court's May 29, 2020 order. (R. Doc. 60-1 at 4-6). The Court's May 29, 2020 order limited the scope of Topics (e) and (f) of the Rule 30(b)(6) deposition as follows:

> **Topic (e)**
> The identity and age of all mechanical technicians and electrical technicians who work and/or worked in groups reporting to Tim Carter within 5 years of Plaintiff's termination, aged fifty (50) years old and older, who were offered the severance/retirement benefits package similar to the one which was offered to Plaintiff and whether the severance/retirement package was accepted or rejected and why.
>
> **Topic (f)**
> The identity and age of all mechanical technicians and electrical technicians who work and/or worked in groups reporting to Tim Carter within 5 years of Plaintiff's termination, aged fifty (50) years old and older, who were who were eligible for retirement benefits when Plaintiff was offered the severance/retirement package and the reason(s) these persons were eligible for the severance/retirement package.

*See Dean*, 2020 WL 2813521, at *11. Plaintiff argues that defense counsel violated Rule 30(c)(2) by improperly instructed Ms. Rogers not to respond to the foregoing questions. (R. Doc. 60-1 at 7-8).

Given the record, the Court finds that defense counsel properly instructed Ms. Rogers not to answer Plaintiff's counsel's broad questions regarding complaints regarding Defendant's severance program. Defense counsel properly objected to the scope of the questioning given the Court's May 29, 2020 order limiting the scope of the depositions topics. These limitations were the proper source of an instruction not to answer under Rule 30(c)(2). The record shows that defense counsel made reasonable attempts to limit the questioning to comply with the Court's order. In fact, Plaintiff's counsel limited the questions at the deposition to complaints by employees in Tim Carter's work group, and defense counsel allowed Ms. Rogers to respond. First, Plaintiff's counsel asked, "[A]re you aware of any internal Shell Pipeline complaints made by current or former Shell employees within Tim Carter's work group who has accused Shell of creating a severance program targeted at older Shell workers?" (R. Doc. 65 at 15). Ms. Rogers responded, "My answer is no." (R. Doc. 65 at 16). Second, Plaintiff's counsel asked, "[A]re you aware of any complaints filed in any court where a current or former Shell employee within Tim Carter's work group that has accused Shell of creating a severance program which targeted older workers?" (R. Doc. 65 at 15). Ms. Rogers responded, "Only Mr. Dean." (R. Doc. 65 at 15).

"The majority of district courts who have considered the question have determined that Rule 30(b)(6) limits the subject matter the deponent is required to prepare for, but does not restrict the examining attorney's inquiry. *Willoughby v. Cribbs*, No. 13-1091, 2015 WL 12777188, at *1 (S.D. Tex. Feb. 6, 2015) (internal quotation mark and citations omitted); *see Unitech Energy Tools Ltd. v. Nabors Drilling Techs. USA, Inc.*, No. 18-0852, 2020 WL

4227467, at *3 (S.D. Tex. July 23, 2020) ("The scope of a Rule 30(b)(6) deposition is not limited to the topics listed in the notice."). In this case, however, the Court issued a protective order limiting the scope of the deposition and defining the limited topics. Given that Plaintiff's questioning pertained to topics specifically limited by the Court, defense counsel's objections and instructions were consistent with Rule 30(c)(2). *See Willoughby*, 2015 WL 12777188, at *1 n. 1.

The record shows that Ms. Rogers answered the appropriately limited questioning regarding current or former Shell employees within Tim Carter's work group. Accordingly, the Court will not require Defendant to answer further broader questioning.

    **C.**    **Interrogatory No. 18 and Request for Production No. 32**

Plaintiff also seeks an order requiring full responses to Interrogatory No. 18 and Request for Production No. 32 of Plaintiff's Second Set of Interrogatories and Third Requests for Production of Documents. The written discovery requests at issue are as follows:

> **Interrogatory No. 18**
> Identify by name, physical address and telephone number all persons who applied for, but were denied, positions of employment with Shell within the last seven (7) years to work in or around Gibson, Louisiana, and provide any and all reasons for the denial of these employment applications.
>
> **Request for Production No. 32**
> Produce a copy of all letters, notes, emails, memoranda, or document of any kind, reflecting any and all reasons for the denial of the employment applications identified in your answer to interrogatory number 18 above.

(R. Doc. 60-3 at 5-6). Shell objected to Interrogatory No. 18 on many grounds, including the seven-year time period; that the application information was being sought in a case in which the alleged adverse employment action was termination; that the application and hire information sought included job classifications different than Plaintiff's and/or decisions that did not involve the same supervisors and managers involved in Plaintiff's termination decision; and that the phrases used in

the interrogatory were overly broad and unduly burdensome. (R. Doc. 60-3 at 5-6).  Defendants raised similar objections to Request for Production No. 32, specifically objecting that the phrase "all letters, notes, emails, memoranda, or document of any kind" was overly broad, unduly burdensome, and beyond the scope of discovery permitted because it essentially asked Shell to go to multiple custodians throughout its organization and locate responsive documents for multiple non-parties. (R. Doc. 60-3 at 6-7).

Plaintiff's counsel offered to limit the requests to a five-year period (January 6, 2012 to January 6, 2017), persons age 50 and older, and persons who held the positions of offshore and/or onshore electrical, mechanical, and/or project technician who would report to Wylie Stice. (R. Doc. 60-4 at 2-3).  While the parties agree they then held a telephone discovery conference on April 23, 2020, they disagree as to whether the parties reached an agreement that Defendant would respond to Interrogatory No. 18 (as narrowed) without having to produce any documents in response to Request No. 32.  Plaintiff asserts that an agreement was reached and Defendant has not provided information as required by the agreement. (R. Doc. 60-1 at 3-4).  In contrast, Defendant asserts that defense counsel only represented that he would check with Defendant to see how burdensome such a response would be. (R. Doc. 62 at 5).  Defendant asserts that it then determined that the discovery requests were inconsistent with this Court's May 29, 2020 order. (R. Doc. 62 at 5-6).

The parties held another telephone discovery conference on July 31, 2020 (the day this motion was filed).  Defendant informed Plaintiff that it "did not have application information for employees before 2016 and that other than through information regarding the voluntary severance program (which [Plaintiff] already had), Shell did not have a record of any mechanical technician applications after 2016." (R. Doc. 62 at 6-7; *see* R. Doc. 60-1 at 4).  Plaintiff

represents that defense counsel stated at the conference "that he had provided documents about two (2) individuals, Mr. Dycus and Mr. Ward, who applied for *and accepted* positions in *Tim Carter's* workgroup around 2016 and 2017." (R. Doc. 60-1 at 4) (emphasis in the original).

The scope of discovery includes information pertaining to similarly situated employees to the extent that it is proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Courts have allowed discovery of other claims of discrimination against an employer where limited to the same form of discrimination, the same department or agency where the plaintiff worked, and a reasonable time before and after the discrimination occurred. *Minnis v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, No. 13-5, 2013 WL 6271940, at *8 (M.D. La. Dec. 4, 2013), *objections overruled*, 2014 WL 12811456 (M.D. La. Aug. 15, 2014). The relevant timeframe is case specific, but courts have generally limited discovery of other employee's claims of discrimination to 3 to 5 years. *Id.* As discussed above, the Court limited the scope of certain depositions topics "to mechanical technicians and electrical technicians who work and/or worked in groups reporting to Tim Carter within 5 years of Plaintiff's termination, aged fifty (50) years old and older, who were offered the severance/retirement benefits package similar to the one which was offered to Plaintiff." *Dean*, 2020 WL 2813521, at *6.

The instant discovery requests seek information about job applicants who were denied positions similar to that of Plaintiff. The Court finds Plaintiff's Interrogatory No. 18 and Request for Production No. 32 of Plaintiff's Second Set of Interrogatories and Third Requests for Production of Documents, as written, are overly broad and disproportionate to the needs of this case. The instant action concerns a single individual's allegations of age discrimination. Plaintiff has not alleged "pattern or practice" claims or class-wide allegations of disparate impact. Generally speaking, Plaintiff has failed to demonstrate that the full broad-range

statistical evidence sought in this individual ADEA action falls within the scope of discovery. *See Marchese v. Secretary, Dep't of the Interior*, No. 03-3082, 2004 WL 2297465, at *1 (E.D. La. Oct. 12, 2004). Given the limited scope of Plaintiff's individual claims, the seven years of applicant information sought by Plaintiff without limitation to age or position is outside the scope of discovery in this action. Requiring Defendant to search its records to produce the information and documents sought would subject it to undue burden. *See Dean*, 2020 WL 2813521, at *11.

While the Court will deny Plaintiff's motion to compel based on the overbreadth of the actual discovery requests at issue, the record indicates that Plaintiff agreed to limit the requests to a five-year period, persons age 50 and older, and persons who held the positions of offshore and/or onshore electrical, mechanical, and/or project technicians who would report to Wylie Stice. Plaintiff provides no specific evidence, however, that Defendant agreed to provide the narrowed scope of information sought. Importantly, Defendant represents that it does not have any application information for employees prior to 2016. (R. Doc. 62 at 10-13). Defendant further represents that it "does not have a record of any mechanical technician (the position held by Dean) applications after 2016, other than applications that were submitted as part of the voluntary severance program." (R. Doc. 62 at 13). Given the foregoing representation that Defendant does not have any application information for mechanical technicians in its possession, custody, or control, the court will require Defendant to respond further to the discovery requests.

### D.   Attorney's Fees

Consistent with the foregoing, the Court will deny Plaintiff's Third Motion to Compel. Having considered the record and arguments put forth by counsel, the Court finds that the motion

was substantially justified and will not order Defendant to pay reasonable expenses incurred in opposing the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(B).

### III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Third Motion to Compel (R. Doc. 60) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 5, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**